IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| NIKKI LYNN RICHMAN, on her own behalf and ex. rel C.R. a Minor Child, | |
|---|---|
| Petitioner, | |
| vs. | Case No. 3:22-cv-00280-JMK |
| NATIVE VILLAGE OF SELAWIK, RALPH STOCKER, and ARLENE BALLOT, | |
| Respondents. | |

**CORRECTED**
**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION TO STAY A TRIBAL COURT JUDGEMENT**

Nikki Lynn Richman seeks a preliminary injunction to maintain the status quo and stay enforcement the Selawik Tribal Court order of December 16, 2022 pending resolution of Ms. Richman's Petition for Writ of Habeas Corpus. This court should stay these proceedings because Selawik's order 1) exceeded Selawik's tribal jurisdiction, 2) violated the Indian Reorganization Act, and 3) violated the Indian Civil Rights Act.

**I . SUMMARY OF FACTS.[1]**

Two years ago, C.R. was placed for adoption with Ms. Nikki Richman by the child's father prior to his incarceration for the murder of the child's mother. The child is three and half years old, which means that she has lived with Ms. Richman as an adoptive

---

[1] The following facts are attested to in Petition for Writ of Habeas Corpus, which was verified under penalty of perjury by Ms. Richman, unless otherwise stated.

JASON WEINER & ASSOCIATES, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

placement for most of the child's life. The father gave Ms. Richman a delegation of parental rights/power of attorney under Alaska state law with regard to the child. Recently, the father renewed his delegation of parental rights/power of attorney to Ms. Richman.[2]

On July 16, 2021 and April 22, 2022 the Selawik Tribe issued an order granting temporary custody of the child to Ms. Richman.[3] However, on December 16th, 2022, a Ms. Amelia Ballot, on behalf of Selawik, issued an order granting custody of the child to Ms. Arlene Ballot, the child's maternal grandmother, Ms. Arlene Ballot.[4] There has been no termination of the father's parental rights in any court. There has never been an allegation, nor any finding that the child is at risk of harm for abuse, neglect or abandonment by the father or Ms. Richman.[5]

## II. STANDARD FOR INJUNCTION.

In order for a Federal District Court to grant a preliminary injunction a party "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Alternatively, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of

---

[2] Ex. 1 (Delegation of Parental Rights)
[3] Ex. 2 (Order Continuing Custody)
[4] Ex. 3 ( Dec. 16th, 2022 Order)
[5] Id.

**JASON WEINER & ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

**Richman v Selawik**
Case No. 3:22-cv-00280-JMK

Page 2 of 14

*Memo: Stay*

Case 3:22-cv-00280-JMK   Document 6   Filed 01/09/23   Page 2 of 14

a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)   In this case, the evidence demonstrates that both tests are satisfied, and this Court should grant an injunction to maintain the status quo pending a resolution of the matter on its merits.

### III. IRREPARABLE HARM/ BALANCE OF EQUITIES & HARDSHIP TIP SHARPLY IN FAVOR OF MAINTAINING THE STATUS QUO.

The child will suffer irreparable harm unless an injunction is issued. The balance of equities and hardship clearly tip in favor of maintaining the child's placement with Ms. Richman pending an ultimate resolution of this matter. The child was born and raised in Fairbanks and has lived with Ms. Richman, in Fairbanks, awaiting her adoption by Mr. Richman for the majority of her life.[6] There is no question that Ms. Richman is, at a minimum, the child's psychological parent. Selawik concurred with this placement over the last year and a half.[7] At no time has Selawik suggested that the child is at risk of harm from abuse, neglect or abandonment. Nonetheless, the December 16th Order directs an immediate transfer of the child to Arlene Ballot who lives in Selawik, with no transition. There is little question that such a transfer of placement will necessarily disrupt this child's life. It is well recognized that the removal of a child from a psychological parent would be devastating to the child and would cause severe and irreparable harm to the child. *Kinnard v Kinnard,* 43 P.3d 150, 154 (Alaska 2002) See also

**JASON WEINER & ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

---

[6] See Verified Petition for Writ
[7] Ex. 2 (Order Continuing Custody)

*Buness v Gillen,* 781 P.2d 985 n.8 (Alaska, 1989)  The best interest of the child demands that the status quo be preserved until the merits of the matter are resolved.

### IV. MS. RICHMAN IS LIKILY TO SUCEED ON THE MERITS.

Ms. Richman is likely to succeed on the merits in this matter because Selawik 1) exceeded Selawik's tribal jurisdiction, 2) violated the Indian Reorganization Act, and 3) violated the Indian Civil Rights Act, and 4) violated the Indian Child Protection and Domestic Violence Protection Act.  Singularly, such violations would invalidate the order.  Taken together, these violations mean that Ms. Richman has a likilhood of success on the merits.

**a)** **Habeas Relief Available To Challenge Tribal Child Custody Order.** The Indian Civil Rights Act (ICRA) provides that "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 USC §1303. Habeas relief under ICRA is available to a father to challenge a tribal court's custody award which exceeded the tribal court's authority under tribal law. *United States ex Rel. Cobell v. Cobell*, 503 F.2d 790 (9th Cir. 1974); Accord *DeMent v Oglala Sioux Tribal Court,* 874 F.2d 510 (8th Cir. 1989). (father, non-tribal member, may use §1303 to challenge tribal court jurisdiction to issue custody order of child) On this latter point, the Eight Circuit Court noted that ICRA requires tribal courts to exercise their jurisdiction in a manner consistent with due process and equal protection. *DeMent* , citing *National Farmers Union Ins. V Crow Tribe,* 736 F.2d 1320, 1322-1323 (9th Cir., 1984).

**JASON WEINER & ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

This case is very similar to both *Cobell and DeMent* in that Ms. Richman holds a valid delegation of parental rights from the father under State law and stands in the shoes of the parent. Additionally, Ms. Richman asserts that the tribe exceeded its jurisdiction by issuing a tribal custody over a child who was not a tribal member and that the issuance of the order violated the Tribe's Constitution.

**b)    The Tribe Exceeded Its Jurisdiction- The Child Is Not A Member of the Tribe.** A Tribe only has jurisdiction over non-tribal members unless Congress provides otherwise. *Strate v A-1 Contractors,* 520 U.S. 438, 445-46 (1997); *John v Baker*, 982 P.2d 738 (Alaska, 1999). In the case of children, the child must be a member of the tribe in order for the tribe to have jurisdiction over the child's custody. *John v Baker, supra.* In this case, the child is not a member of Native Village of Selawik under the terms of the Tribe's Constitution. Selawik does not attempt to claim that either Ms. Richman or Mr. Rugstad are tribal members. Thus, the question is whether the child is a member of Selawik.

The Ninth Circuit has held that in determining whether a tribal court has exceeded its authority in a habeas matter under § 1303, this Court should look to governing tribal law. *United States ex Rel. Cobell v. Cobell*, 503 F.2d 790 (9th Cir. 1974) In that case, the Court looked to the Blackfeet Tribal Law and Order Code. The Ninth Circuit concluded that the "Tribal Court lacked jurisdiction to determine the custody of the Cobell children and . . . the [Tribal Court] order restraining the children was unlawful. The writ of habeas corpus was properly granted." *United States ex rel. Cobell v. Cobell,* supra, 503 F.2d, at 795.

**JASON WEINER & ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

As in Cobell, the laws of the Native Village of Selawik clearly provide that the Tribe does not have jurisdiction over the child. As explained by one court, where it " is clear to the court that the tribal court has acted outside of the jurisdictional boundaries of the tribal code…. further exhaustion of tribal remedies should not be required." *Brown on Behalf of Brown v. Rice*, 760 F. Supp. 1459, 1463 (D. Kan. 1991)[8]

The Native Village of Selawik is organized under the Indian Reorganization Act. (IRA) [25 U.S.C. § 5123] The Constitution for the Native Village of Selawik[9] provides that a person may be a tribal member in three (3) cases: 1) that the person is named on the Tribe's base role, SELAWIK CONST. Art. II, Sec. 1; 2) that the person is a child of a member, SELAWIK CONST. Art. II, Sec. 2; or a Native person sets up a home in the Village, SELAWIK CONST. Art. II, Sec. 4. However, **<u>a tribal member automatically loses their tribal membership if the member leaves the village without an intention of returning to reside in the village.</u>** SELAWIK CONST. Art. II, Sec. 3.

The child has never lived in Selawik and the only way that the child could be a tribal member is if she is a child of a tribal member. The attached affidavit of the child's biological father was filed with Selawik in connection with Ms. Richman's request to dismiss the tribal proceedings.[10] As indicated in the affidavit, the child's mother left Selawik in 2017 or 2018 and had no intention to return and reside in Selawik. Thus, the

---

[8] Of course, in this case, Ms. Richman requested that the Tribe dismiss the matter, which was never addressed by the Tribe. In this sense, Ms. Richman exhausted tribal remedies, since no further appeal exists under Selawik law.
[9] Ex. 4 (Const. of Native Village of Selawik)
[10] Ex. 5 (Aff't of Eric Rustad)

JASON WEINER & ASSOCIATES, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

mother lost her Selawik tribal membership in 2017 or 2018. C.R. was born in 2019, which was after mother's tribal membership was automatically lost under the Selawik Constitution.

The issue was raised with Selawik by Ms. Richman's request to dismiss the tribal proceedings;[11] however, the Tribe never examined the issue. The Tribe just found the child to be a member without examination of the facts. Other than the father's affidavit that the child's mother left the village with no intention to return, there was no contravening evidence in the tribal records on the matter. Nobody contested that the mother left the village, and there was no evidence presented to suggest that the mother intended to return to reside in Selawik.

The Tribe's Constitution was adopted under the Indian Reorganization Act (IRA) [25 U.S.C. § 5123], which means that the majority of Tribal members must approve amendments to its constitution by using the Secretarial Election method provided for in the federal statute. 25 U.S.C. § 5123(a) This requirement is also provided for in the Tribe's Constitution. SELAWIK CONST. Art. VI. The majority of the tribe's members have never voted to amend the Tribe's Constitution, and, specifically, have never changed the membership requirements. The documents used to enroll the child into the Tribe violate the Tribe's Constitution, the Indian Reorganization Act and are not valid. As a result, the child is not a member of the tribe as a matter of both tribal and federal law. It is possible

JASON WEINER & ASSOCIATES, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

---

[11] Ex. 6

for Selawik to amend its Constitution to expand its tribal membership. However, under Selawik's law that issue is for the tribal membership to determine not the Council.

### c) The Tribe Violated The Indian Reorganization Act and the Indian Child Protection and Family Violence Prevention Act - There Is No Duly Constituted Tribal Court.

Applying the *Cobell* directive to apply to tribal law to the current situation, it is clear that Selawik Tribal law does not authorize a Selawik Tribal court. The Constitution provides that the "Village shall have the following powers … (t)o do all things for the common good which it has done or has had the right to do in the past." SELWAWIK CONST. Art. IV, Sec. 1. But the Tribal Constitution clarifies that

> "*Use of Powers.* The governing body shall put into use such of the powers of the Village as the Village may give to it at general meetings of the membership and shall make reports of its action to the membership at general meetings." SELAWIK CONST. Art. IV, Sec. 3.[12]

Additionally, the Tribal Constitution clarifies that "A record shall be made and kept of all the rules made under section 1,2, and 3 of this Article, which shall be called the Record of Organization of the Native Village of Selawik." SELAWIK CONST. Art. IV, Sec. 3. If the tribe had organized a tribal court, it would have made a record of such. While the undersigned has requested a copy of the Tribal court ordinance, the Tribe has not produced any such record of the Tribe forming a tribal court that would comply with SELAWIK CONST. Art. IV, Sec. 3.

Additionally, , there is no record of the Tribe adopting a tribal children's code, nor the appointment of any tribal judges to serve on the non-existent Court, which also fails to comply with SELAWIK CONST. Art. IV, Sec. 3. The Tribe's attorney has claimed that the tribe operates under tradition and custom regarding children's matters,

---

[12] Ex. -------

JASON WEINER &
ASSOCIATES, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

**Richman v Selawik**
**Case No. 3:22-cv-00280-JMK**    Page 8 of 14    *Memo: Stay*

Case 3:22-cv-00280-JMK   Document 6   Filed 01/09/23   Page 8 of 14

however, even if that were true, without any record of the tribe actually adopting a body of common law relating to children Selawik has failed to comply with SELAWIK CONST. Art. IV, Sec. 3.

If the placement with Ms. Ballot is a foster care placement, the Tribe has not adopted foster care standards for placement required under the Indian Child Protection and Family Violence Prevention Act (ICPA) (25 USC § 3201 et. seq.) That law requires a tribe to perform background checks on foster placement, which subject to minimum federal standards of placement. See 25 USC §3207(d)(2)(B) Federal law prohibits tribes from making a foster care placements until the Tribal social service agency concludes that the proposed foster placement meets these minimal standards. 25 USC §3207(d)(2)(A)(ii) The standards of placement require the Tribe to check for criminal records, abuse registries and check for child abuse and neglect. *Id*. Moreover, this failure also violates ICPA, in that a tribe must adopt minimum standards and background checks for tribal officials dealing with children.[13] This would include tribal ICWA social workers, and tribal court judges. Again, the Tribe has no written record that it has adopted any foster care placement standards or other standards required under ICPA because it has no record of doing so. The exercise of powers without a record demonstrating the adoption of rules is a clear violation of the Selawik Constitution.

Finally, there is the affidavit of Ms. Cleary,[14] which corroborates the lack of a tribal court. As Ms. Cleary notes, the Selawik ICWA worker and Tribal Administrator (likely Tanya Ballot) both told her that the Tribe did not have a court.

The Tribe has not complied with the requirement to make a decision to operate a court, engage in child protection or child custody actions, or adopt mandated standards for child foster care before using these powers. Without a record of compliance, the tribe is clearly non-compliant with its constitution and is non-compliant with the IRA

---

[13] See 48 CFR Part 98.43
[14]

JASON WEINER & ASSOCIATES, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

and ICPA. In *Cobell* the Ninth Circuit found that a tribe's exercise of powers and jurisdiction in violation of the Tribe's law rendered the tribal action a nullity and upheld the granting of writ of habeas corpus to enjoin the enforcement of the tribal action. The same should operate in this case.

d) **The Tribe Violated the Due Process Requirements of the Indian Civil Rights Act.** ICRA provides that "No Indian tribe, in exercising powers of self-government, …. shall deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law" 25 USC §1302(a)(8) (emphasis added) Absent a failure to provide for his child, a father has a fundamental substantive right to control the care and custody of his child. *Troxel v Granville,* 530 U.S. 57 (2000); *Discussed in Evans v. McTaggart,* 88 P.3d 1078, 1089 (Alaska 2004) In issuing the December 16th Order, Selawik violated the procedural and substantive equal protection/due process rights of both the father and Ms. Richman in the latter's capacity as the holder of the delegated parental rights under Alaska law.

From a substantive standpoint, there was no allegation that the father had failed to provide for the child. There has never been an allegation that the father or Ms. Richman have placed the child at risk of harm from abuse, neglect or abandonment. Indeed, for over a year, Selawik acquiesced in Ms. Richman's care of the child. As noted above, due process and equal protection protect the parent's fundamental rights to provide for the care, custody, and control of the child. *Troxel v Granville.* Due Process and Equal Protection protect such care, custody and control of the child absent a parent failure to provide for a child. *Id*. The fact that there has been no allegation that the child is at

**JASON WEINER & ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

**Richman v Selawik**
**Case No 3:22-cv-00280-JMK**
Page 10 of 14
*Memo: Stay*

Case 3:22-cv-00280-JMK   Document 6   Filed 01/09/23   Page 10 of 14

risk of the father and/or Ms. Richman failing to meet the child's needs renders the tribal court order eviscerating those custodial rights a *per se* violation of both substantive due process and equal protection.

On the other hand, procedural due process refers to the constitutional requirement that when the federal government acts in such a way that denies a citizen of a life, liberty, or property interest, the person must be given notice, the opportunity to be heard, and a decision by a neutral decision-maker. Chemerinsky, Constitutional Law Policies and Principles, Fifth Edition (2015), p. 606   That did not happen in this case.  At a very basic level, it was never explained why the child's placement/custody was at issue. As noted, there was no notice of any accusation that the father or Ms. Richman failed to care for the child. Rather, it appears that the custody decision was merely a statement as to the tribal court judges' personal inclinations as to what should happen to the child.  Since there were no accusations respecting the child's care, there was no meaningful opportunity to be heard as to whether such accusations were true or false.  The fact that the order granting custody to Arlene Ballot was signed by Amelia Ballot presents an appearance of familial bias as the driving force behind Selawik's action, which goes to the issue as to whether there was a neutral decision maker in the Tribe, which by all appearances there was not.

e) **Summary.** Ms. Richman is likely to succeed on the merits in this matter because the December 16th order is the product of Selawik's violation of its own constitution defining tribal membership, and lack of any record of authorization for a

JASON WEINER &
ASSOCIATES, PC

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

tribal court, tribal children's code or tribal custody laws.  Under *Cobell* it is clear that the Tribe exceeded its jurisdiction under its own constitution.  Moreover, that constitution was adopted under the IRA and actions by the tribe functionally amending the constitution without going through the statutory mandated processes of the IRA, violates the IRA.  Moreover, the tribe failed to comply with the practices and procedures required by ICPA.  And Selawik's actions violated the due process and equal protection requirements of the Indian Reorganization Act.   Any single aspect described above are grounds for a successful writ of habeas corpus.  Given the Tribe's gross departures from tribal and federal law, Ms. Richman is likely to succeed on the merits of the matter.

### V. AN INJUNCTION IS IN THE PUBLIC INTEREST

An injunction is clearly in the public interest to the extent that the rule of law and constitutional governance in tribal communities is in the public interest. Due process and equal protection are inherently in the public interest, and when Congress enacted the ICRA, Congress made the clear policy decision that tribal citizens and persons interacting with tribes should be afforded enumerated constitutional rights.  Enforcing those rights are clearly in line with this view of public interest. Selawik has previously been found to have violated principles of due process with regard to children's matters. *Evans v Native Village of Selawik,* 65 P.3d 58 (Alaska, 2003). Much of the problems found in that case exist in this case.  In that case, the state courts found violations of due process in an adoption contest.  Selawik's current and historical problem with respecting constitutional rights mandated by ICRA undercuts tribal sovereignty by rendering such unconstitutional actions either suspect, or ineffective.  Moreover, as both the *Evans* case and this case

**JASON WEINER & ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.:  (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

illustrate, random custody decisions that are not anchored in the rule of law and the lack of compliance with constitutional government results in disruptions at the family level, which can only ripple throughout the community and destabilize families, the community and the community's relations with outside interests. More particularly, however, is the public interest in avoiding the needless disruption of the C.R.'s life.

## VI. CONCLUSION.

The court should grant a preliminary injunction to maintain the status quo and enjoin the moving of the child as directed by the Selawik order because, is it likely that Ms. Richman will prevail on the merits of this matter given the order reflects multiple violations of the Tribe's constitution, the IRA, the ICPA and the ICRA. Alternatively, the issues presented by this petition for a writ of habeas corpus are serious and significant. If the child is moved the child is likely to suffer irreparable harm, and the balance of equities tips in favor of maintaining the status quo. Finally, the injunction is in the public interest in that constitutional tribal governance and compliance with due process and equal protection are in the public interest.

DATED on the 8th day of January, 2023.

JASON WEINER & ASSOCIATES, P.C.
Attorneys for Petitioner

*Michael J. Walleri*

Michael J. Walleri, ABA No. 7906060

**JASON WEINER & ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

<u>Certificate of Service</u>
I certify that a true and correct copy of the foregoing was served on the 8th day of January, 2023 via e-mail, or U.S. mail to:

James Davis
Northern Justice Project, LLC
516 2nd Ave, Suite 211
Fairbanks, AK 99701
sfletcher@njp-law.com
Attorney for
Native Village of Selawik

Steve Hanson
CSG, Inc.
714 4th Ave., Suite 200
Fairbanks, AK 99701
stevenh@alaskalaw.com
Attorney for Arlene Ballot

Eric Rustad
1931 Eagan Street
Fairbanks, AK 99701
Doc.fcc.court@alaksa.gov

*Michael J. Walleri*
_____

**JASON WEINER &**
**ASSOCIATES, PC**

1008 16th Avenue
Suite 200
Fairbanks, Alaska 99701
Tel.: (907) 452-5196
Fax: (907) 456-7058
info@fairbankslaw.com

**Richman v Selawik**
**Case No. 3:22-cv-00280-JMK**    Page 14 of 14    *Memo: Stay*

Case 3:22-cv-00280-JMK   Document 6   Filed 01/09/23   Page 14 of 14